UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| LAMBERTO ROMAN-SALGADO, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-1493 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 8 |
| | : | | |
| ERIC HOLDER, | : | | |
| in his official capacity as Attorney General | : | | |
| of the United States, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

GRANTING THE DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE

## I. INTRODUCTION

The *pro se* plaintiff, an inmate at the Beaumont Federal Correctional Institution in Beaumont, Texas, filed this action against the Attorney General of the United States and the Department of Justice, seeking a declaratory judgment that he is a citizen or a national of the United States. The matter is now before the court on the defendants' motion to dismiss for improper venue and failure to state a claim. Because this court is an improper venue for the plaintiff's claim and that the interest of justice favors dismissal without prejudice over transfer, the court grants the defendants' motion to dismiss for improper venue.[1]

---

[1] The defendants also argue that the complaint fails to state a claim under 8 U.S.C. § 1503(a) because it does not allege that the plaintiff exhausted his administrative remedies as required under that section. *See* Defs.' Mot. at 10. Because the court concludes that it must dismiss the complaint for improper venue, it does not reach the merits of the plaintiff's claim. *See, e.g.*, *Daniel v. N. Va. Comm. Coll. Fin. Officer*, 2010 WL 1980081, at *1 (D.D.C. May 13, 2010) (dismissing a case for improper venue and declining to reach the merits of the claim); *S. Growers, Inc. v. Veneman*, 2006 WL 2244628, at *2 (D.D.C. Aug. 4, 2006) (dismissing a count of a complaint for improper venue without reaching the merits of the claim).

## II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiff, who was born in Mexico, alleges that he has lived in the United States for the past twenty-eight years, residing in Highland Park, Illinois. Compl. at 2-3. He asserts that he applied for United States citizenship in 1995 but never received any response to his application. *Id.* at 3. Since August 2006, the plaintiff has been incarcerated at the Beaumont Federal Correctional Institution in Beaumont, Texas, serving a sentence of 120 months. *Id.*, Ex. E. The plaintiff alleges that an immigration detainer has been placed on his record, subjecting him to likely deportation to Mexico upon the completion of his sentence. *Id.* at 3. More pressingly, he asserts that because of the detainer, he has been denied certain privileges while incarcerated, such as reductions in his sentence and the possibility of release to a halfway house. Pl.'s Opp'n at 3. The plaintiff alleges that the detainer was wrongfully placed on his record because he is not an alien but is instead a national of the United States. Compl. at 4.

The plaintiff initially sought review of the immigration detainer in the Executive Office for Immigration Review. *See* Compl., Ex. F. The petition he filed in that office was rejected, however, because there were no active removal proceedings against him. *See* Compl., Ex. G. The plaintiff then commenced this action, filing a complaint in August 2009 alleging that the detainer placed on his record violated his constitutional rights. *See generally* Compl. Styling his action as a *Bivens* claim, the plaintiff seeks a determination that he is a naturalized citizen of the United States. *Id.* at 1, 5.

In December 2009, the defendants filed the motion to dismiss for improper venue or for failure to state a claim that is presently before the court. *See generally* Defs.' Mot. The defendants argue that although the plaintiff's allegations fail to state a *Bivens* claim, the relief sought by the plaintiff is specifically provided for in 8 U.S.C. § 1503(a), a provision of the

immigration code authorizing actions for declaratory judgment of national status. *Id.* at 9. The defendants argue, however, that this court is an improper venue for a claim under § 1503(a) and that the complaint fails to state a claim under that section. *See id.* at 10-11. In response, the plaintiff abandons the constitutional *Bivens* theories articulated in his complaint, acknowledges that his claims are properly understood as arising under § 1503(a) and requests that the court construe them in that way. *See* Pl.'s Opp'n at 3. The plaintiff also maintains that venue is proper in this court. *Id.* at 10-11; Pl.'s Supplemental Opp'n ("Pl.'s Suppl. Opp'n") at 2-4.[2] With the defendants' motion fully briefed, the court turns to the applicable legal standard and the parties' arguments.

## III. ANALYSIS

### A. Legal Standard for a Motion to Dismiss for Improper Venue

Rule 12(b)(3) instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum. FED. R. CIV. P. 12(b)(3). If the district in which the action is brought is not a proper venue, then that district court may either dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision of whether dismissal or transfer is "in the interest of justice" is committed to the sound discretion of the district court. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Generally, the interest of justice requires transferring such cases to the appropriate judicial district rather than dismissing them. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *James v. Booz-Allen*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002).

---

[2] The court granted the plaintiff leave to file a supplemental opposition to the defendants' motion. *See* Minute Order (Aug. 5, 2010).

3

To transfer the action, the court must ensure as a preliminary matter that venue is proper and that the defendants are subject to personal jurisdiction in the transferee forum. *Sharp Elecs. Corp. v. Hayman Cash Register Co.*, 655 F.2d 1228, 1230 (D.C. Cir. 1981) (per curiam); *Crisler v. Schmeltzer*, 1990 WL 113887, at *2 (D.D.C. July 24, 1990). The decision regarding transfer rests within the court's sound discretion. *Naartex*, 722 F.2d at 789. This Circuit favors transfer under section 1406(a) "when procedural obstacles [such as lack of personal jurisdiction, improper venue, and statute-of-limitations bars] impede an expeditious and orderly adjudication on the merits." *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983).

**B. The Court Grants the Defendants' Motion to Dismiss For Improper Venue**

In their motion, the defendants note that 8 U.S.C. § 1503(a) contains a specific venue provision, which requires that actions under § 1503(a) be filed "in the district court of the United States for the district in which such person resides or claims a residence." 8 U.S.C. § 1503(a). The defendants argue that because the plaintiff does not reside or claim a residence in this district, this court is an improper venue for the plaintiff's § 1503(a) action. *See* Defs.' Mot. at 10. The plaintiff argues in response that this court has venue over his claims under the general venue provisions of 28 U.S.C. § 1391 because the Attorney General resides in the District of Columbia. *See id.* at 10; Pl.'s Suppl. Opp'n at 2-3.

As the defendants correctly note, § 1503(a)'s specific venue provision overrides the general venue provisions of federal law. *See* 28 U.S.C. § 1391(e) (providing the general rules for venue in federal court and specifying that they control "except as otherwise provided by law"). Accordingly, the plaintiff's action must be brought in the district where he "resides or claims a residence." 8 U.S.C. § 1503(a). The plaintiff alleges that he formerly resided in the Northern District of Illinois, but that he is presently incarcerated in the Eastern District of Texas. *See*

Compl. at 2-3. Because the plaintiff neither resides nor claims a residence in the District of Columbia, the court concludes that the District of Columbia is an improper venue for the plaintiff's claim under § 1503(a).

Here, however, things become more complicated. "[T]he standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it – thus preserving" the plaintiff's ability to obtain relief. *Nat'l Wildlife Fed. v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001). Because a case can be transferred only to a "district or division in which it could have been brought," 28 U.S.C. § 1406(a), the court can transfer this case only to the district in which the plaintiff "resides or claims a residence." 8 U.S.C. § 1503(a).

This Circuit has held that for purposes of venue, "a prisoner has his residence at his place of confinement." *In re Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978) (citing *Starnes v. McGuire*, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974)). Thus, under the law of this Circuit, the proper venue for this action is the Eastern District of Texas, the district in which the plaintiff is confined. *See id.* According to the Fifth Circuit, however, a prisoner retains his pre-incarceration residence regardless of his place of incarceration. *See Ellingburg v. Connett*, 457 F.2d 240, 241 (5th Cir. 1972) (per curium) (holding that "[o]ne does not change his residence to the prison by virtue of being incarcerated there" (quoting *Cohen v. United States*, 297 F.2d 760, 774 (9th Cir. 1962))); *see also Pope*, 580 F.2d at 622 (noting the split between the D.C. Circuit and the Fifth Circuit on the issue of a prisoner's residence for venue purposes). Thus, under the law of the Fifth Circuit, the proper venue for this action would be the Northern District of Illinois, where the plaintiff claims to have resided prior to his incarceration. Accordingly, if the court were to transfer this case to the Eastern District of Texas, that court would have no choice but to dismiss the case for

improper venue or transfer the case to the Northern District of Illinois. *See Pope*, 580 F.2d at 622 (noting this problem).

The Northern District of Illinois will eventually be the forum for this case because the Seventh Circuit, which includes the Northern District of Illinois, concurs with the Fifth Circuit rule regarding the residence of inmates. *See Holmes v. U.S. Bd. of Parole*, 541 F.2d 1243, 1248-49 (7th Cir. 1976) (holding that prisoners do not become residents of their district of incarceration for venue purposes), *overruled on other grounds by Arseberry v. Sielaff*, 586 F.2d 37, 46 (7th Cir. 1978). Thus, a court in that Circuit would presumably conclude that the plaintiff continues to reside in the Northern District of Illinois and did not become a Texas resident for venue purposes by virtue of his incarceration there.[3] *See id.* Unfortunately, however, it appears that this court cannot simply transfer this case to the Northern District of Illinois because, even though that court would apparently consider itself a proper venue, *see id.*, this court is bound by Circuit precedent to conclude that the Northern District of Illinois is an improper venue and therefore not an eligible transferee district. *See Pope*, 580 F.2d at 622 (evaluating the question of whether a transferee court is a district in which the case could have been brought under D.C. Circuit precedent, even though the law in the transferee circuit differed).

Accordingly, the court must choose between two undesirable options. On the one hand, it could transfer the case to the Eastern District of Texas, knowing that the plaintiff would face a new motion to dismiss for improper venue as soon as the case arrived at the transferee forum. On the other hand, the court could dismiss the case for improper venue and permit the plaintiff to

---

[3] The court notes that it is purely providential that there is any forum with venue over this case, making this disagreement between the Circuits a particularly problematic one. If, for example, the plaintiff had been a resident of the District of Columbia before being incarcerated in Texas, then there would be no forum in which he could bring his suit, because courts in this Circuit would view him as a Texas resident while the courts in the Fifth Circuit would view him as a resident of the District of Columbia.

6

re-file this action in the Northern District of Illinois. In making this choice, the court is guided by the mandate that a case can be transferred instead of dismissed for improper venue only "if it be in the interest of justice" to do so. 28 U.S.C. § 1406. For the reasons that follow, the court concludes that the interest of justice in this case supports dismissal rather than transfer.

First, although the court declines to decide the merits of the plaintiff's claim when it has already determined that it is an improper venue for adjudicating it, it appears that the complaint in its current form would likely face dismissal without prejudice for failure to state a claim. *See Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010) (holding that dismissal rather than transfer "may be appropriate where there are obvious substantive problems with the plaintiff's claims" (citing *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999))); *see also Buchanan v. Manley*, 145 F.3d 386, 389 n.6 (D.C. Cir. 1998) (affirming the district court's conclusion that transfer was not in the interest of justice in part because of "substantive problems" with the plaintiff's claims). The complaint in this case is styled as a *Bivens* action rather than as an action under 8 U.S.C. § 1503(a), and it does not plead administrative exhaustion as required for a claim under that statute. *See* 8 U.S.C. § 1503(a) (requiring administrative exhaustion before suit can be filed); *see generally* Compl. (failing to allege administrative exhaustion); *see also* Defs.' Reply at 10-11 (arguing for dismissal on this basis). The fact that the complaint would likely have to be dismissed and (potentially) re-filed on that basis makes the requirement that the plaintiff re-file the complaint following dismissal for improper venue less unduly burdensome, as the plaintiff can use the opportunity to clarify his complaint to ensure that it states a claim under § 1503(a) before he re-files it the Northern District of Illinois.

Second, it does not appear that the statute of limitations will prevent the plaintiff from re-filing the case in the Northern District of Illinois. The statute of limitations for claims under §

1503(a) runs for five years from a final administrative determination. *See* 8 U.S.C. § 1503(a). The plaintiff does not plead administrative exhaustion in his complaint, so it is unclear when, if at all, a final administrative determination in this case was rendered. *See generally* Compl. Because the plaintiff's claims arise from his incarceration, however, and because he was first incarcerated on August 11, 2006, it is clear that the five-year limitations period could not expire before August 11, 2011. *See* Compl., Ex. D. Accordingly, the plaintiff will have ample time to re-file his case in the Northern District of Illinois following dismissal for improper venue.

Finally, considerations of judicial efficiency militate against transferring this case to the Eastern District of Texas when it is clear that the case cannot be heard there. Doing so would require the government to file a new motion to dismiss for improper venue, the plaintiff to file a new opposition and a new judge to resolve the venue motion. By dismissing the case instead of transferring it, the court allows the matter to proceed directly to the Northern District of Illinois instead of sending it on a 2,000 mile detour through Texas.

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss for improper venue. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 11th day of August, 2010.

    RICARDO M. URBINA
    United States District Judge